U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 10 2017

TONY R. MOORE  CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CROP PRODUCTION SERVICES, INC., | CIVIL ACTION NO. 3:16-CV-00907 |
| VERSUS | JUDGE JAMES |
| DICKERSON AGRICULTURAL PARTNERSHIP, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Crop Production Services, Inc. ("CPS") a Maryland corporation, filed this action against Dickerson Agricultural Partnership ("DAP") (a Louisiana partnership), Tommy Dickerson (a resident of Louisiana), Scott Higdon (a resident of Louisiana), and Theresa Higdon (a resident of Louisiana), to collect on two secured promissory notes and guarantees executed by Dickerson and DAP to CPS, as well as incidental debts, costs, expenses incurred, and attorney fees.[1]

---

[1] CPS does not explain why it did not include the fourth DAP partner, John Russell, as a defendant in this action.

DAP executed a promissory note in favor of CPS on January 8, 2014 for $766,298, at 7.75% per annum interest, which established a line of credit up to which CPS would provide goods and services for DAP for the 2014 crop year (Doc. 22). The 2014 note was to be paid in one installment on December 15, 2016 (Doc. 22). Dickerson, one of DAP's partners, personally guaranteed the promissory note to CPS. The note is also secured by a security interest in DAP (all crops, farm products, livestock, poultry, and equipment) that was perfected through filing UCC-1(F) forms (Doc. 22). CPS shows that, in 2014, it provided foods and services to DAP valued at $1,027,165.22, an amount that exceeded the line of credit by $260,067.22. DAP failed to make any payments on that debt and apparently defaulted on the 2014 note on December 15, 2014 (Doc. 22).

In 2015, DAP executed a promissory note in favor of CPS for $1,666,613.00, establishing a line of credit for goods and services to be provided by CPS to DAP in 2015 (Doc. 22). The 2015 note was due on December 15, 2015 and bore 7.75% per annum interest rate (Doc. 22). Dickerson again personally guaranteed the loan and DAP granted CPS a security interest in all of its crops, farm products, livestock, poultry, and equipment (Doc. 22). CPS perfected the security interest by filing UCC-1(F) forms (Doc. 22). CPS provided DAP with goods and services valued at $1,915,680.24 in 2015, which exceeded the 2015 line of credit by $249,067.24. DAP again failed to make any payments on that debt and apparently defaulted on the note on December 15, 2015.

Dickerson and DAP did not respond to the complaint and a default was entered against them (Doc. 14). CPS next filed a motion for a default judgment against Dickerson and DAP (Doc. 22), which is pending.

The Higdons filed a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6) (Doc. 17). The Higdons allege in their motion that: (1) they were not "general partners" in DAP; (2) they never signed any of the documents organizing the DAP partnership; (3) the Higdons's signatures on the DAP articles of partnership are forgeries; and (4) the Higdons had no knowledge of or involvement in the forged documents and DAP. The Higdons contend the forged document (Articles of Partnership) relied on by CPS is an absolute nullity and cannot form the basis for the Higdons's liability to CPS (Doc. 17).

CPS filed a brief in opposition to the Higdons's motion (Doc. 20). CPS objects to the Higdons's attachment of an affidavit to their motion to dismiss. CPS also contends the Higdons's forgery argument is a defense to liability, rather than a basis for showing CPS did not state a claim. That argument appears to be correct since, accepting the allegations of the complaint as true and construing them in the light most favorable to CPS, CPS has stated a claim for breach of contract.[2] See Kaiser

---

[2] A contract has the effect of law between the parties to the contract. See La. C.C. art. 1983. The responsibility of the judiciary in interpreting contracts is to determine the common intent of the parties. See Baldwin v. Bd. of Sup'rs for Univ. of Louisiana Sys., 2014-0827 (La. 10/15/14), 156 So.3d 33, 37–38 (citing La. C.C. art. 2045). Courts begin their analysis of the parties' common intent by examining the words of the contract itself. See Baldwin, 156 So.3d 33, 37–38 (citing La. C.C. art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.")). Furthermore, a contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions. See Baldwin, 156 So.3d 33, 37–38 (citing La. C.C. art. 2050). One provision of the contract should not be construed separately at the expense of disregarding other provisions. See Baldwin, 156

<u>Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982), cert. den., 459 U.S. 1105 (1983).

Since the Higdons's affidavit is inherent to their forgery argument in their motion to dismiss, it will be considered by the Court[3] and their motion will be treated as one for summary judgment, in accordance with Fed.R.Civ.P. Rule 12(b).

Accordingly,

IT IS ORDERED that the Higdons and CPS have through **March 31, 2017** to file supplemental briefs on the motion for summary judgment and to support their arguments with summary judgment-type evidence.

A Report and Recommendation on CPS's motion for a default judgment against DAP is pretermitted pending resolution of the Higdons's claim of a fraudulently confected partnership.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 9th day of February, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

So.3d 33, 37–38 (citing <u>Sims v. Mulhearn Funeral Home, Inc.</u>, 07–0054, p. 8 (La. 5/22/07), 956 So.2d 583, 589; La. C.C. art. 2050).

[3] The Articles of Partnership name four partners – Scott Higdeon, Theresa Higdeon, Josh Russell, and Jimmy Dickerson (Doc. 17). (The Higdons's name is spelled with an "e" in the Articles of Partnership). The Higdons have not produced affidavits from the other persons who allegedly signed the DAP Articles of Partnership - Tony Dickerson (a witness), Chris Nygal (a witness, the spelling of whose name is unclear), and Josh Russell (the fourth "partner") (Doc. 17). Nor have the Higdons produced an affidavit from the notary before whom they all allegedly signed the Articles of Partnership, DeWanna P. Casiday, Notary ID 066100. However, it is curious that the Articles of Partnership gave the same address for each partner, 845 Lamar Church Road, Delhi, Louisiana, which is the address of Dickerson's Richland Parish farm (Doc. 17).